# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

Fort Pierce Division

FILED BY MB D.C.
OCT 23 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

Tayllor Watson

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Credit One Bank, N.A.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 25-cv-14383-SMM
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tayllor Watson |
| Street Address | 307 Provence Place |
| City and County | Vero Beach, Indian River County |
| State and Zip Code | Florida, 32960 |
| Telephone Number | 772-999-8086 |
| E-mail Address | Tayllorwatson@yahoo.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Credit One Bank, N.A. |
| Job or Title *(if known)* | |
| Street Address | 6801 South Cimarron Road |
| City and County | Las Vegas, Clark County |
| State and Zip Code | Nevada, 89113 |
| Telephone Number | 877-825-3242 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

The court has Jurisdiction under 28 U.S.C Section 1331, because this action arises under the Telephone Consumer Protection Act (TCPA), 47 U.S.C Section 227, a law of the United States. Although the amount in controversey exceeds $75,000, jurisdiction is based on Federal Question, not Diversity of Citizenship. Venue is proper in this District under 28 U.S.C Section 1392 (b) because Plantiff resides in Vero Beach Florida, and substantial part of events giving rise to this claim, occured there.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* ______________________, is a citizen of the State of *(name)* ______________________.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* ______________________, is a citizen of the State of *(name)* ______________________. Or is a citizen of *(foreign nation)* ______________________.

b. If the defendant is a corporation

The defendant, *(name)* ____________________, is incorporated under the laws of the State of *(name)* ____________________, and has its principal place of business in the State of *(name)* ____________________. Or is incorporated under the laws of *(foreign nation)* ____________________, and has its principal place of business in *(name)* ____________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Beginning on or about August 23rd 2025, and continhing through October 19th 2025, Defendant placed 159 telephone calls to Plantiff's personal cellphone. (Call logs/screenshots are attached as Exhibit A and Exhibit B). Calls originated from muliple different numbers, with spoofed area codes appearing to be local, but belonged to or were controlled by Defendant or its agents. Many of these calls utilized an automatic telephone dialing system and/or prerecorded or artifical voices in violation of 47 U.S.C section 227 (b)(1)(A)(iii)- placed for the purpose of collection on an account not yet 30 days late.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Wherefore, Plantiff respectfully request that the Court enter judgment in her favor and against Defendant Credit One Bank, N.A, and grant the following relief:
-Award Plantiff statutory damages pursuant to 47 U.S.c sec 227 (b)(3)(c) in the amount of $1,500 for each of the unlawful 159 calls, for Defendants willful and knowing violations of the TCPA, totaling $238,500
-Award Plantiff additional compensatory damages for the constant harassing nature of the calls causing signifcant stress, peace of mind, disruption of daily life and work hours. Plantiffs health measurably declinied during this time (Attached as Exhibit G). Plantiff's MyChart medical records reflects low iron and hematocrit levels, resulting

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/23/2025

Signature of Plaintiff [signature]

Printed Name of Plaintiff Tayllor Watson

### B. For Attorneys

Date of signing: ______

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# Compliant Continuation:

FIRST AMENDED COMPLAINT
Plaintiff Tayllor Watson ("Plaintiff"), proceeding pro se, respectfully submits this First Amended Complaint against Defendant Credit One Bank, N.A. ("Defendant"), and states as follows:

**I. JURISDICTION AND VENUE**

- This action arises under the
- Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq.
- This Court has federal question jurisdiction under 28 U.S.C. § 1331.
- Venue is proper in the Southern District of Florida - Fort Pierce
- Division under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to this claim occurred within this district, and Plaintiff resides here.

**PARTIES**

- Plaintiff Tayllor Watson is a natural person residing in Fort Pierce, Florida.
- Defendant Credit One Bank, N.A. is a national banking association headquartered in Las Vegas, Nevada, that conducts business nationwide, including within the State of Florida.

**III. FACTUAL ALLEGATIONS**
Beginning on or about August 23rd 2025, and continuing through October 19th 2025, Defendant placed or caused to be placed one hundred fifty-nine (159) unsolicited and unwanted telephone calls to Plaintiff's cellular telephone number ending in 8086

- These calls were made using an automatic telephone dialing system (ATDS) and/or prerecorded or artificial voice messages without Plaintiff's prior express consent, in violation of the TCPA.
- Plaintiff made clear requests to Defendant to cease all calls; however, Defendant continued to call repeatedly and willfully, even after receiving notice of Plaintiff's objections and the initial filing of this lawsuit.
- The most recent calls occurred between October 17th-October 19th 2025, totaling fifteen (15) additional calls since Plaintiff's original filing on October 17th 2025 (Shown as Exhibit F).

The constant, harassing nature of the calls caused Plaintiff significant stress, anxiety, and disruption of her personal and peace of mind.

- During this same period, Plaintiff's health measurably declined.
  Medical evaluations reflected low iron levels and low hematocrit, resulting in fatigue, weakness, and low energy.
- Plaintiff's MyChart medical records show a downward trend in these levels from June 2025 through October 2025, correlating directly with the ongoing period of harassment.
- Plaintiff attributes these physical symptoms to the chronic stress and anxiety caused by Defendant's conduct and will present her medical documentation as Exhibit G.
- Defendant's actions constitute a knowing and willful violation of the TCPA, as calls persisted after multiple requests for cessation and after the initial filing of this case.

- In addition to the unwanted calls, Defendant reported a 30-day late payment on Plaintiff's Credit One account, which Plaintiff disputes.
- Plaintiff has requested that the account be closed and deleted from her credit reports along with the late payment with Experian, Equifax, and TransUnion, as the account and reporting were adversely impacted by the same period of unlawful conduct and distress.

IV. CLAIM FOR RELIEF Count I - Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227)

- Plaintiff repeats and realleges paragraphs
- 1 through 16 as though fully set forth herein.
- Defendant made 159 unlawful calls to Plaintiff's cell phone using an ATDS and/or prerecorded voice without consent.
- Each call constitutes a separate violation of the TCPA.
- Defendant's actions were willful and knowing, entitling Plaintiff to treble damages under 47 U.S.C. § 227(b) (3) (C).
- Plaintiff is entitled to recover $1,500 per call, for a total statutory damages amount of $238,500, **plus** additional actual and emotional damages.

V. DAMAGES

As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered:

- Emotional distress and anxiety.
- Physical fatigue, weakness, and loss of energy due to declining iron and hematocrit levels as documented in her medical records;
- Time loss, inconvenience, and mental anguish caused by the repetitive and invasive calls;
- Injury to reputation and credit from the 30-day late payment reported by Defendant; and
- Out-of-pocket expenses associated with filing fees, such as printing of documentations and exhibits.

Plaintiff therefore seeks:

- Statutory damages of $1,500 per call ($238,500);
- Actual and emotional distress damages in the amount of $15,000;
- Equitable relief as detailed below.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant as follows:

- Award Plaintiff statutory damages under 47 U.S.C. § 227(b) (3) (B) and § 227(b) (3) (C) in the amount of $1,500 per call, for 159 calls, totaling $238,500
- Award Plaintiff actual and compensatory damages, including emotional distress and health-related damages, in theamount off $15,000.
- Issue an order requiring Defendant to delete the 30-day late payment reported by Credit One Bank, N.A. from all consumer credit reporting agencies; Transunion, Experian, and Equifax.
- Close and remove Plaintiff's Credit One account from her credit reports; and
- Cease all further automated or prerecorded communications with Plaintiff;
- Award Plaintiff costs of suit and filing fees and all damages; totaling $253,500
- Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 24th day of October 2025.