UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

TAYLLOR WATSON, CASE NO. 25-CV-14383-SMM

Plaintiff,

v.

CREDIT ONE BANK, N.A.,

Defendant.

**DEFENDANT, CREDIT ONE BANK, N.A.'S MOTION TO DISMISS AND COMPEL ARBITRATION AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Credit One Bank, N.A. ("Credit One"), through counsel and under the Federal Rules of Civil Procedure and the Federal Arbitration Act (FAA), 9 U.S.C. §§ 2-4, hereby moves the Court for an Order compelling arbitration and dismissing this lawsuit with prejudice, or in the alternative to enter an Order staying these proceedings and compelling plaintiff, Tayllor Watson ("Plaintiff"), to pursue her claims against Credit One in arbitration.

As explained in detail below, Plaintiff's claims against Credit One are subject to binding arbitration pursuant to the underlying credit card agreement for Plaintiff's credit card account with Credit One. In fact, numerous federal courts including the United States District Court for the Southern District of Florida, United States District Court for the Middle District of Florida, the United States District Court for the District of New Jersey, United States District Court for the Middle District of Tennessee, United States District Court for the Western District of New York, United States District Court for the Southern District of New York, United States District Court for the Eastern District of New York, and the United States District Court for the Eastern District of Pennsylvania analyzed similar arbitration clauses and compelled arbitration in similar cases against Credit One. *See e.g. Baes v. Credit One*, No. 2:16-cv-00266-SPC-CM, Doc. 46 (S.D. Fla.

November 7, 2025)*; Babb v. Credit One*, No. 2:16-cv-00266-SPC-CM, Doc. 20 (M.D. Fla. July 22, 2016); *Ellin v. Credit One Bank*, 2015 WL 7069660 (D. N.J. Nov. 12, 2015); *Bibee v. Credit One Bank*, 2015 WL 5178700 (M.D. Tenn. Sept. 4, 2015); *Salerno v. Credit One Bank*, 2015 WL 6554977 (W.D.N.Y. Oct. 29, 2015); *Cal v. Credit One Bank, N.A.*, No. 15-cv-3641-MAS-TJB, ECF 15 (D. N.J. Dec. 16, 2015); *Sandra Velez v. Credit One Bank*, Case No. 15-CV-4752, (E.D.N.Y. Jan. 25, 2016); *Griffin v. Credit One Financial d/b/a Credit One Bank*, Case No. 2:15-CV-03700 (E.D. Penn. Feb. 11, 2016); *Bubay v. Credit One Bank*, No. 2:15-cv-02831-KSH-CLW, ECF 18 (D. N.J. March 24, 2016); and *Boule v. Credit One Bank*, 2016 WL 3015251 (S.D. N.Y. May 11, 2016). Likewise, this Court should order Plaintiff to pursue her claims against Credit One in arbitration and dismiss Plaintiff's claims against Credit One with prejudice.

## I. PROCEDURAL HISTORY AND BACKGROUND

On or about October 17, 2025, Plaintiff filed this action against Credit One for its alleged violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*. (the "TCPA"). (D.E. 1.) On October 23, 2025, Plaintiff filed an Amended Complaint asserting a single count against Credit One for its alleged violation of the TCPA. (D.E. 5.) In the Amended Complaint, Plaintiff admits that she has a Credit One account. (D.E. 5, p. 7.) Plaintiff alleges that Credit One violated the TCPA by placing calls to the Plaintiff in relation to her Credit One account using an automatic telephone dialing system and/or prerecorded or artificial voice messages without Plaintiff's prior consent. (D.E. 5, p. 6.) Plaintiff further alleges that Credit One reported a 30-day late payment on Plaintiff's Credit One account, which Plaintiff disputes. (D.E. 5, p. 7.)

In the applicable Card Agreement ("Card Agreement"), which was mailed to Plaintiff in the same envelope as the credit card associated with her Account, Plaintiff agreed to binding arbitration of any and all disputes with Credit One. The applicable Card Agreement that Plaintiff

agreed to states, "[y]ou and we agree that either you or we may, without the other's consent, require that controversies or disputes between you and us (all of which are called 'Claims'), be submitted to mandatory, binding arbitration." *See* applicable Card Agreement attached hereto as Exhibit 1.

Specifically, the Arbitration Agreement in the Card Agreement mailed to the Plaintiff, provides:

> ***Arbitration Agreement***
>
> **PLEASE READ CAREFULLY—IMPORTANT—AFFECTS YOUR LEGAL RIGHTS**
>
> This agreement to arbitrate provides that you or we can require controversies or disputes between us to be resolved by BINDING ARBITRATION. You have the right to REJECT this agreement to arbitrate by using the procedure explained below.
>
> If you do not reject this agreement to arbitrate, you GIVE UP YOUR RIGHT TO GO TO COURT and controversies or disputes between us will be resolved by a NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY, using rules that are simpler and more limited than in a court. Arbitrator decisions are subject to VERY LIMITED REVIEW BY A COURT. Arbitration will proceed INDIVIDUALLY— CLASS ACTIONS AND SIMILAR PROCEDURES WILL NOT BE AVAILABLE TO YOU.
>
> **Agreement to Arbitrate:** You and we agree that either you or we may, without the other's consent, require that controversies or disputes between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration. This agreement to arbitrate is made pursuant to a transaction involving interstate commerce, and shall be governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. §1 et seq., and (to the extent State law is applicable), the laws of the State of Nevada.
>
> For purposes of this agreement to arbitrate, "you" includes you, any co-applicant, any Authorized User (including Additional Cardholders), or anyone else connected with you or claiming through you; and "we" or "us" includes Credit One Bank, N.A., all of its parents, subsidiaries, affiliates, successors, predecessors, employees, and related persons or entities, and all third parties who are regarded as agents or representatives of us in connection with the subject matter of the claim or dispute at issue.

> **Covered Claims:** Claims subject to arbitration include, but are not limited to, any controversies or disputes arising from or relating in any way to your Account; any transactions involving your Account; any disclosures made to you concerning your Account; any interest, charges, or fees assessed on your Account; any service(s) or programs related to your Account; and, if permitted by the rules of the arbitration forum, any collection of debt related to your Account. Claims also include controversies or disputes arising from or relating in any way to advertising, solicitations, or any application for, approval of, or establishment of your Account. Claims subject to arbitration include any controversies or disputes based on any theory of law, whether contract, tort, statute, regulation, common law, or equity, or whether they seek legal or equitable remedies. All Claims are subject to arbitration whether they arose in the past, may currently exist, or may arise in the future. Arbitration will apply even if your Account is closed, you pay us in full any outstanding debt you owe, or you file for bankruptcy. Also, controversies or disputes about the validity, enforceability, coverage, meaning, or scope of this agreement to arbitrate or any part thereof are subject to arbitration and are for the arbitrator to decide. Any questions about what Claims are subject to arbitration shall be resolved by interpreting this agreement to arbitrate in the broadest way the law will allow it to be enforced.
>
> **Claims Not Covered:** Claims (whether brought initially or by counter or cross-claim) are not subject to arbitration if they are filed by you or us in a small claims court, so long as the case remains in such court and only individual claims for relief are advanced in the case.

*See* Ex. 1.

Under the Card Agreement, either party may compel arbitration for any dispute between them including for claims relating to any communication, credit reporting or collection. *See* Ex. 1, pg. 6. The arbitration provision also applies to all Claims based on any theory of law including statute, tort (including fraud or any intentional tort), and common law based upon any allegation of fact, including an alleged act, inaction, omission, suppression, representation, statement, obligation, duty, right, condition, status or relationship. *Id.* Moreover, the Card Agreement expressly provides that "[a]ny questions about what Claims are subject to arbitration shall be resolved by interpreting this agreement in the broadest way the law will allow it to be enforced." *Id.*

Based on the allegations of her Amended Complaint, Plaintiff admits she had a credit card

with Credit One. (D.E. 5, at ¶ 7.) Here, Plaintiff accepted the terms and conditions by requesting, receiving, and signing her credit card, as well as by charging purchases to the card and making payments on the Account, as described in the Cardholder Agreement.

## II. LAW AND ARGUMENT

### A. *Plaintiff Bears the Burden to Establish This Lawsuit Should Not Be Dismissed.*

Courts routinely "treat motions to compel arbitration as motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)" or as "a motion seeking dismissal based on an agreement to arbitrate . . . under Rule 12(b)(3)" since "[a]n arbitration clause is simply a type of forum-selection clause." *MRI Scan Ctr., LLC v. Natl. Imaging Assocs., Inc.*, 2013 WL 1899689, at *2 (S.D. Fla. May 7, 2013); *Johnson v. Orkin, LLC*, 556 Fed. Appx. 543, 544 (7th Cir. 2014) (unpublished) (internal citations omitted); *see also Grasty v. Colorado Tech. U.*, 599 Fed. Appx. 596, 597 (7th Cir. 2015) (unpublished); *Aggarao v. MOL Ship Mgt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012); *Wal-Mart Stores, Inc. v. Helferich Pat. Licensing, LLC*, 51 F. Supp. 3d 713, 721 (N.D. Ill. 2014).

Nevertheless, under either Rule 12(b)(1) or 12(b)(3), the Court "may consider matters beyond the pleadings." *Fields v. NCR Corp.*, 683 F. Supp. 2d 980, 984 (S.D. Iowa 2010). Moreover, plaintiff bears the burden of proving jurisdiction and venue or her complaint will be dismissed. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

### B. *A Strong Federal Policy Exists Favoring Arbitration.*

The FAA provides written contracts to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This strong language manifests a "liberal federal policy favoring arbitration agreements." *Moses J. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Thus,

courts are directed to "rigorously enforce agreements to arbitrate." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (internal quotation marks omitted) (citation omitted).

In April of 2011, the United States Supreme Court reaffirmed the FAA's "liberal federal policy favoring arbitration," reinforced the "fundamental principle that arbitration is a matter of contract," and directed that "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745, 179 L.Ed.2d 742, 751 (2011) (internal citation omitted).

On January 10, 2012, the Supreme Court of the United States again confirmed the enforceability of arbitration clauses. *See Compucredit Corp. v. Greenwood*, 132 S. Ct. 665 (2012). In *Greenwood*, the Court considered whether the FAA requires an arbitration agreement to be enforced in suits brought pursuant to the Credit Repair Organizations Act (CROA), which is silent on whether CROA claims can proceed in arbitration. Writing for the majority, Justice Scalia was blunt: the creation of a statutory cause of action is not enough to imply an exception to the FAA rule validating arbitration agreements. *Id.* at 670. The Court held:

> It is utterly commonplace for statutes that create civil causes of action to describe the details of those causes of action, including the relief available, in the context of a court suit. If the mere formulation of the cause of action in this standard fashion were sufficient to establish the 'contrary congressional command' overriding the FAA, valid arbitration agreements covering federal causes of action would be rare indeed. But that is not the law.

*Id*.

The FAA "creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 522 (3d Cir. 2009). "In particular, the FAA provides that as a matter of federal law '[a] written provision' in a maritime or commercial contract showing an agreement to settle disputes by arbitration 'shall be valid, irrevocable, and enforceable, save upon such grounds

as exist in law or in equity for the revocation of any contract.'" *Id.* (quoting 9 U.S.C. § 2). "Congress designed the FAA to overrule the judiciary's longstanding reluctance to enforce agreements to arbitrate and its refusal to put such agreements on the same footing as other contracts, and in the FAA expressed a strong federal policy in favor of resolving disputes through arbitration." *Id.* (citations omitted).

"In deciding whether claims are subject to arbitration, a court must consider (1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011) (citing *ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*, 307 F.3d 24, 28 (2d Cir. 2002)); *see also Mehler v. Ther Terminix Int'l Co., L.P.*, 205 F.3d 44, 47 (2d Cir. 2000).

Before the Court can compel the parties to arbitrate a dispute, the Court must consider three factors: (1) whether the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles; (2) whether the claims before the court fall within the scope of that agreement; and (3) whether the right to arbitration has been waived. *See Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008); *Sims v. Clarendon Nat'l. Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004).

C. *Plaintiff's Claims Are Subject to Arbitration.*

**i. The Arbitration Agreement Is Valid.**

The FAA states that a clause in any contract "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract" will be "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C § 2. "Whether [the parties] entered a valid arbitration

contract turns on state contract law." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F. 3d 199, 202 (5th Cir. 2016). Nevada state contract law applies to the contract provisions at issue. Agreements to arbitrate disputes are binding unless the party opposing arbitration establishes that the arbitration provision is unconscionable. *Doctor's Assoc., Inc. v. Casarotto,* 517 U.S. 681, 686-87 (1996). In addition, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree*, *supra*, 531 U.S. at 91. Here, because the parties agreed that Nevada law governs the Cardholder Agreement, Plaintiff bears the heavy burden of proving that the Arbitration Agreement is procedurally *and* substantively unconscionable under Nevada law. *See Burch v. Second Judicial District Court*, 118 Nev. 438, 441-442 (Nev. 2002).

A clause is procedurally unconscionable "when a party lacks a meaningful opportunity to agree to the clause terms either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily ascertainable upon a review of the contract." *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 554 (2004) (citing A*merican Airlines, Inc. v. Wolens*, 513 U.S. 219, 249 (1995)). Procedural unconscionability "often involves the use of fine print or complicated, incomplete or misleading language that fails to inform a reasonable person of the contractual language's consequences." *Id.* Substantive unconscionability focuses on whether or not the arbitration clause is "one-sided." *Id.* As noted above, other federal courts have already held Credit One's arbitration clause to be neither procedurally nor substantively unconscionable.

First, although Credit One drafted the standardized contract, this alone does not render a contract unconscionable. *See Mallin v. Farmers Ins. Exch.*, 839 P. 2d 105, 118 (Nev. 1992) (standardized contracts "are not procedurally unenforceable per se"). In fact, courts regularly

enforce standardized contracts, which are a necessity of the modern business environment.

Second, there is and can be no evidence that the Arbitration Agreement is oppressive. The Arbitration Agreement contains terms that enable Plaintiff to cost-effectively pursue her individual claims against Credit One: it excludes claims brought in small claims court; requires the arbitration hearing be "in the same city as the U.S. District Court closest to your billing address"; and requires Plaintiff to pay only the initial filing fee for the arbitration.

The Plaintiff cannot argue that these provisions are oppressive. In fact, the Eleventh Circuit Court of Appeals held the opposite in *Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868 (11th Cir. 2005). The Court upheld a similar arbitration provision excluding claims brought in small claims court, and concluded that it "was intended to benefit, not injure, consumers" and "merely complied with the AAA's Consumer Due Process Protocol." *Id.* at 879-880.

Third, Plaintiff was provided with the Card Agreement at the same time she received her credit card. This case thus stands in sharp contrast to the arbitration provision reviewed in *Burch*, in which the Nevada Supreme Court found "significant" evidence of procedural unconscionability based on the fact that a copy of the arbitration provision was not disclosed until months after the fact. *Burch*, 118 Nev. at 443. Thus, consistent with prior rulings on substantially similar arbitration provisions utilized by Credit One, there is no basis for this Court to find that the applicable Arbitration Agreement is procedurally unconscionable.

Fourth, the clause and its effects are "readily ascertainable upon a review of the contract." *Miller v. Dell Fin. Servs., LLC*, 2010 U.S. Dist. LEXIS 9462, at *4 (S.D.W. Va. Feb. 4, 2010). The Arbitration Agreement here is conspicuously disclosed and is not difficult to read or understand. Simply put, nothing in Plaintiff's Complaint would support any finding of

unconscionability. Thus, the Arbitration Agreement is valid.

**ii. An Arbitrable Issue Exists in this Matter, as the Arbitration Agreement Clearly Applies to the Claims Alleged Against Credit One by the Plaintiff.**

Plaintiff's claims against Credit One all fall within the scope of the Arbitration Agreement. Here, Plaintiff alleges Credit One violated the TCPA in relation to phone calls and the manner in which it reported her Account with Credit One to various consumer reporting agencies as well as its collection efforts. (D.E. 1.) The Arbitration Agreement is extremely broad.

Under the Arbitration Agreement, either party may initiate the arbitration. *Id.* The Arbitration Agreement provides arbitration is to be conducted in accordance with the rules and procedures of the American Arbitration Association. *Id.* Regarding the location, arbitration hearings are to take place at a location in the same city as the U.S. District Court closest to the Plaintiff's billing address. *Id.*

There can be little doubt Plaintiff's statutory claims against Credit One in relation to the collection efforts and credit reporting associated with Plaintiff's credit card account falls within the substantive scope of the Arbitration Agreement.

**iii. Defendant Has Not Waived Its Right to Arbitrate.**

The Eleventh Circuit applies a two-part test to determine whether a party has waived its right to arbitrate: (1) whether the party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate, and (2) whether this participation results in prejudice to the opposing party. *See Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1235–36 (11th Cir. 2018). Here, Defendant has not substantially participated in the litigation other than to file a notice of appearance and move to vacate the Clerk's default that was erroneously entered. Thus, Defendant has not waived its arbitration rights. Accordingly, all of the factors the Court must consider before compelling arbitration are met.

### D. *The Delegation Clause Mandates the Arbitrator Resolve Questions as to Applicability of Arbitration Agreement*

The Arbitration Provision contains a delegation clause that specifically delegates "controversies or disputes about the validity, enforceability, coverage, meaning, or scope of this agreement to arbitrate or any part thereof a[s] subject to arbitration and are for the arbitrator to decide" *See* Ex. 1 at pg. 6. Accordingly, even if there were reason to question the applicability of the Arbitration Agreement to the claims at issue, the arbitrator is charged under the agreement with resolving that question of scope in the first instance. *See generally Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1295–97 (11th Cir. 2022).

## III. CONCLUSION

Based on the foregoing, defendant, Credit One Bank, N.A., respectfully requests this Court dismiss Plaintiff's claims against Credit One, or, in the alternative, enter an order staying this matter and compelling Plaintiff to pursue the claims against Credit One in arbitration, and for such other relief as this Court deems proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(3), undersigned counsel has conferred with Plaintiff, proceeding pro se, Plaintiff, who advised that she objects to the relief sought herein.

Dated this 17th day of February, 2026

Respectfully submitted,
GRAYROBINSON, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

By: *_/s/ Alexandra de Alejo_*
Alexandra de Alejo
Florida Bar No.: 43108
alexandra.dealejo@gray-robinson.com
angela.reisino@gray-robinson.com
*Attorney for Credit One Bank, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 17, 2026 I electronically filed the foregoing via the CM/ECF system, which will send a notice of electronic service to all counsel of record. to all parties involved.

*/s/ Alexandra de Alejo*
Alexandra De Alejo, Esq.