**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-14383-CIV-MAYNARD**

**TAYLLOR WATSON,**

**Plaintiff,**

**v.**

**CREDIT ONE BANK, N.A.,**

**Defendant.**
______________________________________/

**ORDER ON MOTION TO DISMISS AND COMPEL ARBITRATION [DE 30]**

**THIS CAUSE** is before me upon Plaintiff's Motion to Dismiss and Compel Arbitration ("Motion"). DE 30. Plaintiff responded. DE 32. This matter is ripe for review.

**BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this action on October 17, 2025, and filed an Amended Complaint around a week later. DE 1, DE 5. Plaintiff alleges Defendant Credit One Bank, N.A. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by using an automatic telephone system and calling Plaintiff at least 159 times from different numbers to collect an amount less than 30 days past due. DE 5 at 4, 6.

Defendant filed the Motion on February 17, 2026, arguing Plaintiff's claim is covered by the arbitration clause of the parties' credit card agreement and citing the Federal Arbitration Act ("FAA"). DE 30 at 1–4. Defendant says the proper course of action is to dismiss the Amended Complaint and compel arbitration. *Id.* at 5. As an alternative, Defendant asks for a stay. *Id.* at 1, 11. In the Response, Plaintiff says that "[w]ithout conceding the validity, scope, or enforceability of the arbitration provision, and without waiving any procedural or substantive rights, Plaintiff

does not oppose the Court compelling arbitration pursuant to the agreement," but she asks that the Court stay the case pending arbitration instead of dismissing it. DE 32 at 1–2.

**DISCUSSION**

The FAA states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The FAA "evinces the strong federal policy in favor of enforcing arbitration agreements." *MRI Scan Center, LLC v. Nat'l Imaging Assocs., Inc.*, 2013 WL 1899689, at *3 (S.D. Fla. May 7, 2013) (citations and internal quotation marks omitted). "In reviewing a motion to compel . . . arbitration, a district court considers three factors: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived." *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010) (citation omitted). "A plaintiff challenging the enforcement of an arbitration agreement bears the burden to establish, by substantial evidence, any defense to the enforcement of the agreement." *Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1362 (S.D. Fla. 2013) (citation omitted).

Plaintiff does not attempt to meet her burden on any of these elements, as she does not object to arbitration. Therefore, the only issue is whether dismissal is proper, as Defendant argues, or a stay is more appropriate, as Plaintiff asserts.

Some cases sent to arbitration are dismissed. *See, e.g.*, *Abellard v. Wells Fargo Bank, N.A.*, 2019 WL 2106389 (S.D. Fla. May 14, 2019). However, some courts find a stay more appropriate,

particularly when Plaintiff requests it. *See, e.g.*, *Shea v. BBVA Compass Bancshares, Inc.*, 2013 WL 869526, at *6 n.13 (S.D. Fla. Mar. 7, 2013) (citing 9 U.S.C. § 3); *Stapelton v. Nordstrom, Inc.*, 2009 WL 10667803, at *4 (Aug. 11, 2009) ("Where, as here, a party requests a stay, the Court must stay the action.") (citing 9 U.S.C. § 3). The FAA itself explicitly states that upon a party's request, an arbitrable matter must be "stay[ed] . . . until such arbitration has been had . . . ." 9 U.S.C. § 3.

Defendant cites a Southern District of Florida case for the proposition that "Courts routinely 'treat motions to compel arbitration as motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)' or as 'a motion seeking dismissal based on an agreement to arbitrate . . . under Rule 12(b)(3)' since '[a]n arbitration clause is simply a type of forum-selection clause.'" DE 30 at 5 (citing *MRI Scan Ctr.*, 2013 WL 1899689, at *2). Though *MRI Scan Center* does acknowledge that many courts treat motions to compel arbitration as 12(b)(1) motions to dismiss, the Court in that case ultimately found that a stay was more appropriate. 2013 WL 1899689, at *6 (citing 9 U.S.C. § 3; *Shea*, 2013 WL 869526, at *6 n.13). Given Plaintiff's request for a stay and the language of the FAA, I reach the same conclusion here.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Dismiss and Compel Arbitration, DE 30, is **GRANTED IN PART AND DENIED IN PART.**
2. The parties **SHALL** complete arbitration in accordance with their agreement.
3. This case is **STAYED** pending resolution of arbitration.
4. This case is **ADMINISTRATIVELY CLOSED** until such time as the stay is lifted.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 2nd day of March, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE